**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLAS ANDRES ALCALA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER LEWIS, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00003 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR HIS FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

    Nicolas Andres Alcala asserts Officers Lewis and Corless violated his civil rights during an incident in the Fresno County Jail. (Doc. 1 at 3-4) Accordingly, Plaintiff seeks to state claims for the alleged violations under 42 U.S.C. § 1983. However, Plaintiff admits that he has not filed a grievance or exhausted his administrative remedies. (*Id.* at 2)

    Significantly, according to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, the Supreme Court of the United States has determined "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007). Exhaustion is required regardless of the relief sought by the prisoner, and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). However, the failure to

exhaust may be excused where the administrative remedies are rendered "unavailable," with the plaintiff bearing the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

Plaintiff concedes there is grievance procedure available at his institution, yet indicates he has not filed an appeal or grievance concerning the facts alleged in his complaint. (Doc. 1 at 2) He explains only that "there was a grievance form submitted by [an]other inmate re Christopher Lewis of his conduct." (Doc. 1 at 2) However, the grievance process prohibits another inmate from submitting an appeal on behalf of another inmate. 15 CCR § 3084.2(g) ["An inmate or parolee shall not submit an appeal on behalf of another person."] Thus, because Plaintiff filed his lawsuit without first exhausting his administrative remedies, dismissal of the action may be appropriate. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, **IT IS HEREBY ORDERED** that within 30 days of the date of service, Plaintiff **SHALL** show cause in writing why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **April 7, 2016**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE